## Henry McDermott, Appellee, v. Rex Electric Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed June 10, 1916.

### Statement of the Case.

Action for personal injuries by Henry McDermott, plaintiff, against the Rex Electric Company, defendant. From a judgment for plaintiff, defendant appeals.

Defendant was a subcontractor doing the electric wiring of a building and the plaintiff was a subcontractor doing some calcimining therein. Both these subcontractors were at work on the same floor of the building. The employees of defendant were working with a three-quarter inch conduit pipe in which was an elbow. Plaintiff had occasion to pass over this pipe while it was lying on the floor near a door. One of defendant's employees, in raising part of the pipe up to another employee, who was standing on a ladder, raised the elbow in the pipe from the floor just as plaintiff was stepping over it and thereby tripped plaintiff, causing him to fall and injure his knee on the floor, which was made of concrete.

BUCKINGHAM, McDAVID & MONROE, for appellant.

J. R. FITZGERALD and FRED HAMILTON, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. NEGLIGENCE, § 135*—*what does not constitute variance.* Proof of mere negligence is sufficient to sustain a judgment in an action in tort though the declaration charges wilfulness.

2. MASTER AND SERVANT, § 868*—*when negligence of servant of defendant question for jury.* In an action for personal injuries sustained by a subcontractor alleged to have been caused by the negligence of an employee of another subcontractor, working in the same building, in lifting up a pipe from the floor as the plaintiff was about to step over it, the question of negligence of the defendant's employee *held* to be for the jury.

3. MASTER AND SERVANT, § 868*—*when contributory negligence of plaintiff question for jury.* In an action for personal injuries sustained by a subcontractor alleged to have been due to the negligence of an employee of another subcontractor, working on the same building, in lifting up a pipe from the floor as the plaintiff was about to step over it, the question whether the plaintiff was in the exercise of due care *held* for the jury.

4. MASTER AND SERVANT, § 867*—*when evidence in action for negligent injuries sufficient to sustain judgment.* In an action for personal injuries sustained by a subcontractor alleged to have been due to the negligence of an employee of another subcontractor, working on the same building, in lifting up a pipe from the floor as the plaintiff was about to step over it, evidence *held* sufficient to sustain a judgment for the plaintiff.

5. INSTRUCTIONS, § 19*—*when properly refused.* The refusal to give argumentative instructions is not error.

6. NEGLIGENCE, § 211*—*when instruction properly refused.* As the doctrine of comparative negligence no longer obtains in this State, it is not error to refuse to give an instruction thereon.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.